**In re: Michael Eugene HODGE, Petitioner.**

**No. 07–1200.**

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. Pro. Feb. 23, 2007.

Filed: March 6, 2007.

Michael Eugene Hodge, White Deer, PA, pro se.

Kate L. Mershimer, Office of United States Attorney, Harrisburg, PA, for Respondents.

Before: SLOVITER, CHAGARES and NYGAARD, Circuit Judges.

OPINION

PER CURIAM.

Michael Eugene Hodge petitions this Court for a writ of mandamus ordering the United States District Court for the Middle District of Pennsylvania to appoint counsel to assist him in his pending civil rights action. Because Hodge has not

---

demonstrated that he is entitled to such relief, we will deny his petition.

Hodge submitted his mandamus petition shortly after the District Court dismissed his appeal of the Magistrate Judge's denial of his motion for appointment of counsel. He argues that he is entitled to mandamus relief because the Magistrate Judge abused his discretion by not appointing counsel. A writ of mandamus is an extraordinary remedy that will issue only where the petitioner has no alternate means of obtaining the desired relief and entitlement to the writ is clear and indisputable. *See Madden v. Myers,* 102 F.3d 74, 79 (3d Cir.1996). For instance, "a writ of mandamus may not issue if a petitioner can obtain relief by appeal." *Id.* at 77. Upon reviewing the record, we conclude that Hodge has not shown extraordinary circumstances justifying mandamus relief. To the extent that he is seeking immediate appellate review of the challenged orders, we note that they are not appealable until the District Court enters a final judgment. *See* 28 U.S.C. § 1291; *Smith–Bey v. Petsock,* 741 F.2d 22, 23–26 (3d Cir.1984). Finally, we deny the motion for counsel Hodge filed in this Court.[1]

---

1. Because it was not initially clear whether Hodge intended an appeal or a mandamus petition, the case was listed in the alternative for possible dismissal under 28 U.S.C. § 1915(e). We have since determined that this is indeed a mandamus petition and, thus, do not dismiss the action under § 1915(e).